**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
:
DANIELLE KIO, on behalf of herself and all  :
others similarly situated,   :
:
               Plaintiff,   :   Civil Action No.
:
vs.   :   **CLASS ACTION COMPLAINT AND**
:   **JURY TRIAL DEMAND**
REAL TIME RESOLUTIONS, INC. and   :
ALTERNATIVE LENDING HOLDING TRUST  :
IV,   :
:
               Defendants.   :
:
———————————————————  X

     Plaintiff DANIELLE KIO (hereinafter "Plaintiff"), on behalf of herself and all

others similarly situated, by and through her undersigned attorney, alleges against the

above-named Defendants REAL TIME RESOLUTIONS, INC. and ALTERNATIVE

LENDING HOLDING TRUST IV (collectively "Defendants"), its employees, agents,

and successors, the following:

**PRELIMINARY STATEMENT**

     1.    Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Union County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant REAL TIME

RESOLUTIONS, INC. ("RTR") is a Texas Corporation with its principal place of business located at 1349 Empire Central Dr, Suite 150, Dallas, TX  75247.

9.      Based upon information and belief defendant ALTERNATIVE LENDING HOLDING TRUST IV is an entity with an unknown principal place of business.

10.      Based upon information and belief, each Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

11.      RTR is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. RTR operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant RTR was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

12.      Defendant ALTERNATIVE LENDING HOLDING TRUST IV is a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

13.      ALTERNATIVE LENDING HOLDING TRUST IV operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant

3

ALTERNATIVE LENDING HOLDING TRUST IV was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

14.     Defendant ALTERNATIVE LENDING HOLDING TRUST IV is a bad debt buyer that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant RTR.  Defendant ALTERNATIVE LENDING HOLDING TRUST IV's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

16.     This Action is properly maintained as a class action. The Class consists of:

**Class 1**

•     All New Jersey consumers who were sent letters and/or notices from Defendant(s) in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

**Class 2**

4

- All New Jersey consumers who were sent letters and/or notices from Defendant(s) in a form substantially similar to attached Exhibit B and which included the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action, inclusive. The class definition may be subsequently modified or refined.

17.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendants violated various provisions of the FDCPA.

b.  Whether Plaintiff and the Class have been injured by the

Defendants' conduct;

c.  Whether Plaintiff and the Class have sustained damages and

are entitled to restitution as a result of Defendants'

wrongdoing, and if so, what is the proper measure and

appropriate statutory formula to be applied in determining such

damages and restitution; and

d.  Whether Plaintiff and the Class are entitled to declaratory

and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same
  operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the
  other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and
  has retained experienced and competent attorneys to represent the
  Class;

- A Class Action is superior to other methods for the fair and efficient
  adjudication of the claims herein asserted.  Plaintiff anticipates that no
  unusual difficulties are likely to be encountered in the management of
  this class action;

- A Class Action will permit large numbers of similarly situated persons
  to prosecute their common claims in a single forum simultaneously
  and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

18.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

19.    Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

20.    Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

21.    Sometime prior to January 12, 2019, Plaintiff allegedly incurred a financial obligation to SoFi Lending Corp. ("SoFi") related to a personal loan.  ("the Debt").

22.    The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

household purposes.

23.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     Sofi is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     Based upon information and belief, sometime prior to January 12, 2019, Sofi either directly or through intermediate transactions assigned, placed, sold or transferred the Debt to Defendant ALTERNATIVE LENDING HOLDING TRUST IV who became the new owner of the Debt.

26.     Subsequently, Defendant ALTERNATIVE LENDING HOLDING TRUST IV either directly or through intermediate transactions assigned, placed, or transferred the Debt to Defendant RTR for purposes of collection.

27.     At the time the Debt was assigned, placed, and or or transferred to Defendant RTR and/or ALTERNATIVE LENDING HOLDING TRUST IV, the Debt was in default.

28.     Defendant caused to be delivered to Plaintiff a letter dated January 12, 2019 concerning the Debt, which sought to collect an amount owed of $22,561.24 for an account ending in 9219.  Attached as **Exhibit A** is a copy of the January 12, 2019 collection letter.

29.     The January 12, 2019 collection letter was Defendant's initial communication to Plaintiff for the Debt.

30.     The January 12, 2019 collection letter were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.     The January 12, 2019 collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

32.     Upon receipt, Plaintiff read the January 12, 2019 collection letter.

33.     The January 12, 2019 collection letter indicated that the interest rate was 0.00%.

34.     However, despite showing the interest rate was 0.00%, the January 12, 2019 collection letter sought to collect $805.02 in accrued interest.

35.     At the time Defendants sent out the January 12, 2019 collection letter, neither Defendant was properly licensed under the New Jersey Licensed Lender Act, N.J.S.A. § 17:11C-1, *et seq.*

36.     Since ALTERNATIVE LENDING HOLDING TRUST IV was not a licensed consumer lender in New Jersey, it was not allowed to collect interest from Plaintiff.

37.     However, Defendants have charged Plaintiff interest in excess of the limits imposed N.J.S.A. section 31:1-1 and have attempted to collect such interest.

38.     Plaintiff did not owe the $805.02 in accrued interest, or if she did, it was an unreasonable collection fee, cost, or interest.

39.     Defendants were not entitled to demand $805.02 in interest from Plaintiff..

40.     ALTERNATIVE LENDING HOLDING TRUST IV was not entitled to seek payment nor collect interest for any consumer loans since it was not a New Jersey licensed consumer lender.  See, Veras v. LVNV Funding, LLC, 2014 WL 1050512, (D. N.J. Mar. 17, 2014).

41.     Defendant RTR, an agent of unlicensed ALTERNATIVE LENDING HOLDING TRUST IV, was not entitled to seek payment nor collect interest on behalf of Defendant ALTERNATIVE LENDING HOLDING TRUST IV.

42.    Additionally, based upon information and belief, Defendants were not entitled to collect any post charge-off interest, since such interest was expressly or implicitly waived by Sofi or when Sofi sold the account it did not sell the right to continue the collection of interest.

43.    Additionally, the January 12, 2019 collection letter contained the following language:

> Please note that the account's payoff balance (listed in the box above) represents the entire amount dues as of the date of this letter. Moving forward, your account balance will not increase while at RTR, because we will not charge you any added interest or fees beyond those listed in the box above.

44.    This above-referenced language is deceptive and confusing, since Defendant RTR is not able to assess interest or fees.

45.    The January 12, 2019 collection letter also sought to collection other fees in the amount of $20.00.

46.    However, there was no legal basis for Defendants to seek collection of a $20.00 fee.

47.    Section 1692g(a)(2) of the FDCPA requires that January 12, 2019 letter, which was the initial communication to Plaintiff, contain the name of the current creditor to whom the debt is owed.

48.    However, ALTERNATIVE LENDING HOLDING TRUST IV which is listed as the creditor on the January 12, 2019 letter does not appear to be the true or legal name of the current creditor.

49.    On or about May 2, 2019, Defendants sent Plaintiff another collection letter. This collection letter offered to settle Plaintiff's debt for a reduction. A copy of

the May 2, 2019 collection letter is attached as **Exhibit B.**

50.    Unlike the January 12, 2019 collection letter, the May 2, 2019 collection letter includes the name of the Servicer, which is lists as "SOFI".

51.    SOFI, the servicer, appears to be different from SoFi Lending Corp, the original creditor SoFi Lending Corp.

52.    However, the May 2, 2019 letter states, "We are offering to reduce the balance of your SOFI account so it's easier for you to pay this off once and for all!"

53.    This statement is misleading, deceptive and confusing, since it implies that the original creditor is SOFI, when in fact it was SoFi Lending Corp.

54.    Furthermore, the May 2, 2019 also provides both a six month and twelve month installment option.  The six month option provides six successive monthly payments of $2,728.40, while the twelve month option provides twelve successive monthly payments of $1,364.20.

55.    The May 2, 2019 collection letter indicates that the payments for both the six and twelve month options would be $16,370.38, when in fact the total payment amount would $16,370.40 under either plan.

56.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

57.    Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

58.    Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

59.    Defendants violated Plaintiff's right to a trustful and fair debt collection

process.

60.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding his or her rights under the FDCPA.

61.    Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

62.    Defendants' collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

63.    Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

64.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

65.    As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

66.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

67. The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

68. Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

69. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

70. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) By making false representations of the character or legal status of a debt; and

(c) Using unfair or unconscionable means to collect or attempt to collect any debt.

71. On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

72. On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibit B to at least 30 natural persons in the State of New Jersey.

13

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
VIOLATIONS**

73.     Plaintiff repeats the allegations contained in paragraphs 1 through 72 as if the same were set forth at length.

74.     Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

75.     By sending a collection letter, the same as or substantially similar to the January 2, 2019 collection letter, Defendants violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.  15 U.S.C. §1692e(5) by threating to take any action that cannot legally be taken or this is not intended to be taken;

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

H. 15 U.S.C. §1692g(a) by failing to give a written notice including the required information; and,

I. 15 U.S.C. §1692g(b) by engaging in collection activities  and communications which overshadow or are inconsistent with the consumer's rights.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
     January 12, 2020

Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070

(201) 507-6300
*Attorney for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 12, 2020                   By: <u>s/ Lawrence C. Hersh</u>
                                          Lawrence C. Hersh, Esq

EXHIBIT A



Dept 107565
PO Box 1259
Oaks, PA 19456
Return Mail Only - No Correspondence



Creditor: Alternative Lending Holding Trust IV

Account Information as of 01/11/2019

| | |
|---|---|
| Principal Balance: | $22,561.24 |
| Interest Rate: | 0.00% |
| Accrued Interest: | $805.02 |
| Other Fees: | $20.00 |
| Late Fees: | $0.00 |
| Credits: | $0.00 |
| Payoff: | $23,386.26 |

DANIELLE KIO

000054

01/12/2019

**Account # ending in:** 9219
**RTR File Number:** 0970

RE: Account Collection, Processing, and Reporting Transfer Notification

Dear DANIELLE KIO:

You are hereby notified that the collection duties associated with the above referenced account, that is the right to collect payments from you, are being transferred from Alternative Lending Holding Trust IV to REAL TIME RESOLUTIONS, INC. ("RTR") effective 01/11/2019. This transfer of collection rights associated with your account does not affect any terms or conditions of your loan documents, if applicable, other than the terms directly related to the collection of your payments.

Please note that the account's payoff balance (listed in the box above) represents the entire amount due as of the date of this letter. Moving forward, your account balance will not increase while at RTR, because we will not charge you any added interest or fees beyond those listed in the box above.

## ***Validation Notice***

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment if applicable and mail you a copy of such verification or judgment. If you make a written request to this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. We are required under various state laws to notify consumers of certain rights.

**PLEASE SEE THE BACK OF THIS PAGE FOR ADDITIONAL IMPORTANT INFORMATION REGARDING THIS ACCOUNT.**

Real Time Resolutions, Inc. is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged and is provided for informational purposes only.

1349 Empire Central Drive Suite 150 Dallas, TX 75247
Toll Free Customer Service 866-836-0672
Hours of Operation: Mon - Fri 8:30am - 5:30pm Central • www.payrtr.com



**CALIFORNIA RESIDENTS:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflection on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**COLORADO RESIDENTS:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Real Time Resolutions, Inc. Colorado office location: Building B, 80 Garden Center, Ste. 3, Broomfield, CO 80020; Phone (303)920-4763. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE: WWW.COAG.GOV/CAR

**MAINE RESIDENTS:** Corporate Hours of Operation: Monday - Friday 8:30 a.m. - 5:30 p.m. Central. Our toll free telephone number is 866-836-0672

**MASSACHUSETTS RESIDENTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

**MINNESOTA RESIDENTS:** This collection agency is licensed by the Minnesota Department of Commerce.

**NORTH CAROLINA RESIDENTS:** North Carolina Department of Insurance, permit number 3545. North Carolina Commissioner of Banks, license number S-146288. You may file a complaint by contacting the NCCOB at: 316 W. Edenton St., Raleigh, NC 27603, (919) 733-3016, or by visiting http://www.nccob.org.

**TENNESSEE RESIDENTS:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243

**WASHINGTON RESIDENTS:**
Account Information as of: 01/12/2019
Principal Balance: $22,561.24
Accrued Interest: $805.02
Other Fees: $20.00
Late Fees: $0.00
Payoff: $23,386.26

**WISCONSIN RESIDENTS:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

**UTAH RESIDENTS:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

- **This Account's Current Creditor is Alternative Lending Holding Trust IV**
- **This Account's Original Creditor is SoFi Lending Corp**

**REAL TIME**
R E S O L U T I O N S.

01/12/2019                                                    RTR File Number: ████0970

### ***Your Discount Offers***

These offers are not meant to overshadow the foregoing Validation Notice. If you dispute the validity of the debt, you should contact us within 30 days. If you agree you owe the debt, you may select one of the options to resolve your debt.

- **Option A** - One (1) one-time payment of $15,201.07 due by 02/26/2019. Your file will be updated as satisfied for less than the full amount due, and RTR will not pursue the remaining balance on the account.

- **Option B** - Three (3) month resolution option: Pay $5,456.79 for three consecutive months with the first payment received no later than 02/26/2019. Once your option plan is completed, your file will be updated as satisfied for less than the full amount due, and RTR will not pursue the remaining balance on the account.

- **Option C** - Six (6) month resolution option: Pay $2,923.28 for six consecutive months with the first payment received no later than 02/26/2019. Once your option plan is completed, your file will be updated as satisfied for less than the full amount due, and RTR will not pursue the remaining balance on the account.

Please note that entering into this agreement may or may not result in tax consequences to you. If you are uncertain of the legal or tax consequences, we encourage you to consult a lawyer and/or tax advisor.

---

Contact us toll free at 866-836-0672 between the hours of 8:30 a.m. to 5:30 p.m., Central Time, Monday through Friday.

Effective 01/11/2019, your correspondence and payments should be directed to the following addresses:

Correspondence:
REAL TIME RESOLUTIONS, INC.
P.O. Box 566027
Dallas, Texas 75356-6027

Payments:
REAL TIME RESOLUTIONS, INC.
Attn: Payment Processing
P.O. Box 567749
Dallas, Texas 75356-7749
*When writing us a check, please remember to write your file number in the check memo field.*

You can also visit our website to pay at payrtr.com.

Please be aware that if you are currently in or have been discharged in bankruptcy, this letter is not an attempt to collect a debt. This correspondence is solely for informational purposes and is intended to provide you with notification of the above referred transfer of collection, processing, and reporting duties.

Sincerely,
REAL TIME RESOLUTIONS, INC.

1349 Empire Central Drive Suite 150 Dallas, TX 75247
Toll Free Customer Service 866-836-0672
Hours of Operation: Mon - Fri 8:30am - 5:30pm Central • www.payrtr.com

EXHIBIT B



| | |
|---|---|
| Original Creditor: | SoFi Lending Corp |
| Current Creditor: | Alternative Lending Holding Trust IV |
| Servicer: | SOFI |
| Account Information as of: | 01/11/2019 |
| Principal Balance: | $22,561.24 |
| Interest Rate: | 0.00 |
| Accrued Interest: | $805.02 |
| Other Fees: | $20.00 |
| Late Fees: | $0.00 |
| Payoff: | $23,386.26 |

05/02/2019

Creditor: Alternative Lending Holding Trust IV
Creditor Account Number: 9219
RTR File Number: ███0970
Balance: $23,386.26

Dear DANIELLE KIO:

We are offering to reduce the balance of your SOFI account so it's easier for you to pay this off once and for all! As of 05/02/2019 the balance owed on your account is $23,386.26. We have outlined an array of options that may be able to help assist you on the next page.

**In order to qualify for this reduction, choose the repayment plan that is right for you and take control of your financial situation once again.**

SEE THE NEXT PAGE FOR YOUR RESOLUTION OPTIONS!

---

Real Time Resolutions, Inc. is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this letter is not an attempt to collect a debt from you personally to the extent it is included in your bankruptcy or has been discharged and is provided for informational purposes only.

---

PLEASE SEE THE BACK OF THIS PAGE FOR ADDITIONAL IMPORTANT INFORMATION REGARDING THIS ACCOUNT.

1349 Empire Central Drive Suite 150 Dallas, TX 75247
Toll Free Customer Service 866-836-0672
Hours of Operation: Mon - Fri 8:30am - 5:30pm Central - www.RealTimeResolutions.com



Dept. 107565
PO Box 1259
Oaks, PA 19456
Return Mail Only - No Correspondence




DANIELLE KIO

125369-10307-29

**THE FOLLOWING NOTICES APPLY TO THE RESIDENTS OF THE FOLLOWING STATES AS NOTED. THIS LIST IS NOT A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE AND FEDERAL LAW.**

**CALIFORNIA RESIDENTS:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflection on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**COLORADO RESIDENTS:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Real Time Resolutions, Inc. Colorado office location: 80 Garden Center, Building B Ste. 3, Broomfield, CO 80020; Phone (303)920-4763. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE: WWW.COAG.GOV/CAR

**MAINE RESIDENTS:** Corporate Hours of Operation: Monday - Friday 8:30 a.m. - 5:30 p.m. Central. Our toll free telephone number is 866-836-0672

**MASSACHUSETTS RESIDENTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the creditor.

**MINNESOTA RESIDENTS:** This collection agency is licensed by the Minnesota Department of Commerce.

**NORTH CAROLINA RESIDENTS:** North Carolina Department of Insurance, permit number 3545. North Carolina Commissioner of Banks, license number S-146288. You may file a complaint by contacting the NCCOB at: 316 W. Edenton St., Raleigh, NC 27603, (919) 733-3016, or by visiting http://www.nccob.org.

**TENNESSEE RESIDENTS:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243

**WASHINGTON RESIDENTS:**
Account Information as of: 01/11/2019
Principal Balance: $22,561.24
Accrued Interest: $805.02
Other Fees: $20.00
Late Fees: $0.00
Payoff: $23,386.26

**WISCONSIN RESIDENTS:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

**UTAH RESIDENTS:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**- This Account's Current Creditor is Alternative Lending Holding Trust IV**
**- This Account's Original Creditor is SoFi Lending Corp**



**REAL TIME**
**R E S O L U T I O N S** ®

05/02/2019

RTR File Number ███0970

## YOUR DEBT RESOLUTION OPTIONS:



**One Time Payment**

**$11,693.13**
*Payment Due Date: 06/16/2019*



**Six Monthly Installments**

Six Successive Monthly Payments of
$2,728.40 totaling $16,370.38
*First Payment Due: 06/16/2019*

**Twelve Monthly Installments**

Twelve Successive Monthly Payments of
$1,364.20 totaling $16,370.38
*First Payment Due: 06/16/2019*

This offer expires if the first payment is not received by 06/16/2019. If the successive monthly payments are not received within the month they are due, RTR reserves the right to apply any previous payments to your loan balance without resolving the account. RTR is not obligated to renew this offer, but further opportunities may be available at a later date.

---

### NON-RESOLUTION OPTION:

If you choose to enter into this arrangement, please note that it is only temporary. Once this plan expires, you will need to make new arrangements. All payments made in this payment plan will be applied toward paying down the outstanding balance of the debt.



**Six Month Payment Plan**

*Non-Resolution Option:*
6 Temporary Monthly Payments of
$194.89

Make your payment using one of the following methods:
★Online: www.payrtr.com        ★Phone: 866-836-0672        ★Mail: P.O. Box 567749, Dallas TX 75235
*When writing us a check, please remember to write your file number in the check memo field.*

If you have any questions, or need any additional information please contact us toll free at 866-836-0672, Mon   Fri 8:30a.m. - 5:30p.m. Central.

Sincerely,
Real Time Resolutions, Inc.

---

1349 Empire Central Drive Suite 150 Dallas, TX 75247
Toll Free Customer Service 866-836-0672
Hours of Operation:  Mon - Fri 8:30am - 5:30pm Central - www.RealTimeResolutions.com

  2 of 2

125369-10307-30